### STATE *v.* COLSTON.

Evidence that the defendant, the keeper of the Sherman House, kept
  spirituous · liquor for sale there, at a certain date, has a tendency to
  prove that the defendant, still keeping the Sherman House, kept spiritu-
  ous liquor for sale there at a later date.

Information against Henry N. Colston, for keeping spirituous liquor
for sale, in violation of law, on December 6, 1872.    The defendant was
indicted for the same offence at the October term, 1872, and pleaded
*nolo contendere.*

The defendant, for some time prior to the indictment, was, and ever
since has been, the keeper of the Sherman House in Concord.    Sub-
ject to the defendant's exception, one Hutchinson, a witness for the
state, was permitted to testify to being in the Sherman House a short
time prior to the finding of the indictment, and to seeing liquor sold
and drank there, and to facts tending to show that spirituous liquor
was at that time kept there for sale by the defendant; and it appeared
that the witness had not been there since the indictment.

· The court instructed the jury, that, in order to find the defendant
guilty, they must be satisfied that he had kept spirituous liquor for
sale in violation of law since the indictment was found, but that it
was not necessary for the state to prove the offence upon the day al-
leged in the information; to which the defendant excepted.

The defendant, having been found guilty and sentenced, tendered the
foregoing exceptions, which were allowed.

*Flint,* solicitor, for the state, cited *Pomeroy* v. *Bailey,* 43 N. H. 125;
*Bradley* v. *Obear,* 10 N. H. 477; *Whittier* v. *Varney,* 10 N. H. 291;
*State* v. *Wallace,* 9 N. H. 515; *Morrow* v. *Moses,* 28 N. H. 95; *Wells* v.
*Burbank,* 17 N. H. 393, 407, 409.

*Eastman, Page & Albin,* for the defendant, cited *State* v. *Renton,* 15
N. H. 174.

HIBBARD, J.    The testimony of Hutchinson must have been admitted,
upon the ground, not that evidence of the commission of an offence by
the defendant tended to make it more probable that he committed a
similar offence afterwards, as his counsel seem to suppose, but that a

state of things once shown to exist is presumed to continue until something is shown to rebut the presumption—PARKER, C. J., in *Wells* v. *Burbank,* 17 N. H. 409 ; 1 Greenl. Ev., sec. 41. Though the offence charged in the indictment might be the same keeping for sale to which the witness referred, no wrong could be done to the defendant by the admission of the testimony simply as tending to show that he kept liquor for sale at a later date, covered by the information. If there was a change of circumstances at the Sherman House after the indictment was found, the defendant might easily have shown it. It was within the discretion of the judge to determine whether the testimony was so distant in point of time as to require him to exclude it for remoteness.

The instruction to the jury clearly was sufficiently favorable to the defendant. *Exceptions overruled.*